UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                      Plaintiff,

         v.

JORGE TREJO, MARIBEL TREJO, NEW YORK
CITY PARKING VIOLATIONS BUREAU, NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, AND JOHN DOE #1
THROUGH JOHN DOE #10,

                      Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

22-CV-7116
(Gujarati, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On November 22, 2022, Plaintiff Freedom Mortgage Corporation initiated this foreclosure action against Defendants Jorge Trejo and Maribel Trejo (the "Trejos"); the New York City Parking Violations Bureau ("NYC PVB"), the New York City Environmental Control Board ("NYC ECB"), the New York City Transit Adjudication Bureau ("NYC TAB")(collectively, "Non-Mortgagor Defendants"); and John Doe #1 through John Doe #10.[1] *See* Dkt. No. 1. None of the Defendants responded to the complaint or have otherwise appeared in this case. Currently pending before this Court, on a referral from the Honorable Diane Gujarati, United States District Judge, is Plaintiff's motion for default judgment and judgment of foreclosure and sale. *See* Dkt. No. 23; *see also* Nov. 21, 2023 Referral Order.

---

[1] The Court respectfully recommends that the Clerk of Court amend the case caption to reflect the voluntary dismissal of the Board of Managers of Willowbrook Heights Condominium Association and John Doe #1-10. *See* Dkt. No. 19; *see also United States v. Edwards*, 241 F.R.D. 146, 148 (E.D.N.Y. 2007) (collecting cases for the premise that amendments to a case caption to make technical changes are generally permissible).

For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part. This Court further respectfully recommends that Plaintiff's claims against NYC PVB be granted but Plaintiff's claims against NYC ECB and NYC TAB be dismissed without prejudice.

**I.   Background**

    **A.   Factual Allegations**

The following facts are taken from the complaint, Plaintiff's motion, and the attachments filed in support of Plaintiff's motion; the facts are assumed to be true for the purposes of this motion. *See Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *1 (E.D.N.Y. Sept. 29, 2023) (citing *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015)).

On June 28, 2018, Defendant Jorge Trejo executed a Note (the "Note") with Plaintiff wherein he promised to pay $402,014.00 plus interest on the unpaid amount due. *See* Dkt. No. 1 ¶ 6. The Trejos secured the Note by executing a mortgage (the "Mortgage") on property located at 105 Cortlandt Street, Staten Island, New York 10302 (the "Property"). *Id.* ¶¶ 7-8. According to the Mortgage, the Trejos resided, at least in 2018, at 542B Buchanan Avenue, Staten Island, New York 10314 (the "Buchanan Avenue Address"). *See* Dkt. No. 1-4, at 1; Dkt. No. 23-6, at 1, 2. The Mortgage was assigned to Plaintiff on December 20, 2019. Dkt. No. 1 ¶ 8. On December 17, 2021, the parties agreed to modify the loan, which created a single lien in the amount of $400,529.27. *Id.* ¶ 9.

On April 1, 2022, the Trejo Defendants allegedly defaulted on the Note by failing to make the payments due. *Id.* ¶ 10. Since then, the Trejos have not made any subsequent payments towards the Note. *Id.* ¶¶ 10-11.

2

### B. Procedural History

Plaintiff filed the complaint on November 22, 2022, seeking to foreclose on the Property pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq*. *See generally* Dkt. No. 1. Plaintiff served the Trejos with the summons and complaint on April 5, 2023 via substituted service on "Jane Doe (Refused Name), Family Member" at the Property. *See* Dkt. No. 15. Defendants NYC PVB and NYC ECB were served with the summons and complaint on April 4, 2023 via delivery to "Ariton Marke, Authorized Agent" at 100 Church Street, New York, New York 10007. *See* Dkt. No. 14. NYC TAB was served on April 6, 2023 via delivery to "Laverne Sterling, Authorized Agent" at 130 Livingston Street, Brooklyn, New York 11201. *Id.*

On August 10, 2023, Plaintiff requested a certificate of default against each Defendant based on their failure to answer or otherwise defend against the complaint. *See* Dkt. No. 20. The Clerk of Court granted Plaintiff's request and entered a certificate of default against Defendants on August 16, 2023. *See* Dkt. No. 21. On November 20, 2023, Plaintiff filed the current motion, which seeks a default judgment of foreclosure and sale. *See* Dkt. No. 23. In support of this motion, Plaintiff submits: (1) a proposed order (Dkt. No. 23-1); (2) a memorandum of law (Dkt. No. 23-2); (3) the affidavit of Heather Marie Diaz, a "FCL Specialist III" employed by Plaintiff (Dkt. No. 23-3); (4) a declaration from Plaintiff's counsel, Robert Tremaroli, Esq., with exhibits (Dkt. No. 23-4 – 23-20), which include the complaint (Dkt. No. 23-7) and certificate of default (Dkt. No. 23-15); and (5) an affidavit of service of the motion (Dkt. No. 24).

### II. Legal Standard for Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first

3

step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Pich v. Queens Garden Nursery Inc.*, No. 22-CV-3362 (MKB) (MMH), 2024 WL 687234, at *2 (E.D.N.Y. Feb. 20, 2024), *report and recommendation adopted*, 2024 WL 967636 (E.D.N.Y. Mar. 6, 2024) ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556

4

U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).

### III. Discussion

This Court respectfully recommends that Plaintiff's motion for default judgment as to the Trejos be denied for failure to comply with Local Civil Rule 55.2(c) and RPAPL § 1304. This Court further respectfully recommends that Plaintiff's motion for default judgment as to the Non-Mortgagor Defendants be granted in part and denied in part, and that the claims against NYC ECB and NYC TAB be dismissed without prejudice, unless, within the time for filing objections, Plaintiff amends its complaint to satisfy RPAPL § 202-a.

#### A. Local Civil Rules 7.1 and 55.2

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)). "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress,

5

or the Constitution." *Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (internal quotations and citation omitted).

Under Local Civil Rule 7.1, a motion for default judgment must consist of a notice of motion, a memorandum of law, and supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion. Loc. Civ. R. 7.1(a). Under Local Civil Rule 55.2, a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment," and must mail these three items to the "*last known residence*" of the defaulting party (if an individual) or "the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(b)-(c) (emphasis added).

Plaintiff has established compliance with Local Civil Rules 7.1 and 55.2(b). The motion includes a notice of motion, memorandum of law, and copies of the complaint, certificate of default, and proposed form of default judgment. *See* Dkt. No. 23. Plaintiff has not, however, established compliance with Local Civil Rule 55.2(c) as it pertains to the Trejos.

While Plaintiff has established that it mailed a copy of the motion to the Non-Mortgagor Defendants at their last known business addresses (Dkt. No. 24), Plaintiff has not established that it mailed a copy to the Trejos at their last known residence. While the affidavit of service submitted by Plaintiff indicates that it mailed the motion to the Trejos at the Property address (*id.*), Plaintiff has not established that the Trejos reside at the Property. The complaint does not contain any allegations regarding the Trejos' residential address, let alone their last known residence, and Plaintiff's motion is likewise silent on this point. In fact, documents submitted by Plaintiff suggest

6

that the Trejos reside at the Buchanan Avenue Address, at least as of 2018. *See* Dkt. No. 1-4, at 1; Dkt. No. 23-6, at 1-2.

Absent sufficient information to establish that the Property is the Trejos' last known residence, Plaintiff has not established compliance with Local Civil Rule 55.2(c)'s mailing requirement. *See Freedom Mortg. Corp. v. Monteleone*, 628 F. Supp. 3d 455, 462 (E.D.N.Y. 2022) (holding that plaintiff failed to comply with Local Civil Rule 55.2(c) when it mailed the motion for default judgment to the address of the subject property and not defendants' last known residential address); *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at *4 (E.D.N.Y. Feb. 21, 2019) (recommending denial of default judgment motion where plaintiff did not establish that defendant was served in accordance with Local Civil Rule 55.2(c)), *report and recommendation adopted*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019). "As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2. *See Rhoden v. Mittal*, No. 18-CV-6613 (LDH) (SJB), 2020 WL 13664671, at *2 (E.D.N.Y. Jan. 3, 2020) ("Failure to comply with the requirements Local Rule 55.2 is a basis to deny a motion for default judgment").

Based on the foregoing, this Court respectfully recommends that Plaintiff's motion for default judgment be denied against the Trejos for failure to comply with the requirements of Local Civil Rule 55.2(c).

### B.  RPAPL § 1304

"Plaintiff must also abide by the strict procedures set forth in the RPAPL." *Freedom Mortg. Corp. v. Brocking*, No. 23-CV-01870 (DLI) (LGD), 2024 WL 436531, at *4 (E.D.N.Y. Feb. 5, 2024). For example, RPAPL § 1304 requires a foreclosure plaintiff to send a 90-day notice to the borrower before it can commence a legal action:

7

> Section 1304 of the RPAPL requires that, at least 90 days before commencing a home foreclosure action, a notice of default on the mortgage loan be sent by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is subject to the mortgage. Section 1304 also prescribes the contents of the notice.

*Id.* at *4-5 (quoting *Bullock*, 2022 WL 18299810, at *2-3). "Failure to strictly comply with section 1304 is a sufficient basis to deny foreclosure relief." *Id.* at *5 (quoting *Bullock*, 2022 WL 18299810, at *3).

Here, Plaintiff has not satisfied its affirmative obligation under RPAPL § 1304 to properly serve the 90-notice of default on the Trejos before commencing this lawsuit. Plaintiff alleges that it sent the 90-day notice to the Property address only. *See* Dkt. Nos. 23-3 ¶ 9; Dkt. Nos. 23-9 – 23-10. But there is nothing in the affidavits or appended to the complaint that demonstrates that the notice also was sent "to the last known address of the borrower." RPAPL § 1304; *see Brocking*, 2024 WL 436531, at *5 ("Section 1304 clearly requires that the assignee of a mortgage send a notice of default . . . to 'the last known address of the borrower, and to the residence that is subject to the mortgage.'" (citation omitted)). The record before the Court is devoid of any evidentiary support that the Property was the Trejos' "last known address." Plaintiff carries "the burden of establishing satisfaction of this condition" and failed to meet it here. *Brocking*, 2024 WL 436531, at *5 (quoting *Bullock*, 2022 WL 18299810, at *3).

In fact, the only evidence on this point in the record suggests that the Trejos' last known address was elsewhere and not at the Property. As noted above, according to the Mortgage, the Trejos resided, at least in 2018, at the Buchanan Avenue Address. *See* Dkt. No. 1-4, at 1; Dkt. No. 23-6, at 1, 2. Based on this evidence, the Court cannot infer that the Trejos' last known address is the Property address. *See Brocking*, 2024 WL 436531, at *5 (denying default judgment motion for failure to comply with RPAPL § 1302 where evidence indicated that defendant resided at an

8

address different from the mortgaged property); *Bullock*, 2022 WL 18299810, at *3 ("And while in some cases, one can infer that the last known address of the borrowers is the same as that of the mortgaged property, the evidence here is to the contrary."). Plaintiff thus was also required to serve the RPAPL § 1304 notice on the Trejos at their last known residential address, as well as at the Property.[2] *See, e.g.*, *Brocking*, 2024 WL 436531, at *5.

Therefore, this Court finds that Plaintiff has failed to strictly comply with RPAPL § 1304. As a result, Plaintiff's motion for default judgment should be denied against the Trejos.

### C. Non-Mortgagor Defendants' Liability

Plaintiff also seeks a default judgment against the Non-Mortgagor Defendants, each of whom is alleged to hold some interest in or lien on the Property subordinate to the Mortgage. *See* Dkt. No. 1 ¶ 3.

RPAPL § 1311 provides that "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" shall be joined as a necessary party to a foreclosure action. Entry of "[d]efault judgment against non-mortgagor defendants is generally appropriate where the complaint alleges 'nominal liability,' meaning that 'any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien.'" *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020) (citations omitted). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Id.* (internal quotations and citation omitted).

---

[2] "Freedom and its counsel clearly should have recognized this fatal defect in the present Motion as they have made this same mistake regarding defective Section 1304 notices in other cases in this District and their default judgment motions have been denied as a result." *Brocking*, 2024 WL 436531, at *6 (collecting cases).

9

Courts apply a heightened pleading standard where a state or city agency is named as a defendant. *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *5 (E.D.N.Y. Mar. 16, 2020) (citations omitted). "The complaint must allege 'detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state or city agency a party-defendant.'" *Id.* (alterations omitted) (quoting RPAPL §§ 202(1), 202-a(1)). "If the lien exists 'by virtue of a judgment,' and the defendant is a state agency, the complaint must include 'the name of the court, date recorded, clerk's office in which filed, and names of the parties against whom and in whose favor the judgment was recorded.'" *Id.* (alteration omitted) (quoting RPAPL § 202(2)). "If the defendant is a city agency, the complaint must include that same information, as well as 'a brief description of the grounds for or the nature of such judgment.'" *Id.* (quoting RPAPL § 202-a(2)).

In addition, the plaintiff must substantiate their allegations with documentation, such as a title report. *See, e.g.*, *Baez*, 2020 WL 4261130, at *4 (collecting cases). "Conclusory allegations that an entity is the holder of a lien encumbering the property, which is subject and subordinate to the plaintiff's mortgage, are insufficient." *Miami Home, LLC v. Ahmed*, No. 22-CV-1607 (FB) (JRC), 2023 WL 2189301, at *5 (E.D.N.Y. Feb. 8, 2023) (citation omitted), *report and recommendation adopted*, 2023 WL 2187486 (E.D.N.Y. Feb. 23, 2023).

Here, the Non-Mortgagor Defendants are city agencies subject to the heightened pleading standard. *See Freedom Mortg. Corp. v. McLain*, No. 23-CV-1309 (FB) (LB), 2023 WL 8473948, at *4 (E.D.N.Y. Oct. 12, 2023) (applying heightened pleading standard to the Non-Mortgagor Defendants), *report and recommendation adopted*, 2023 WL 7320257 (E.D.N.Y. Nov. 7, 2023). The complaint does not meet this standard though, at least with respect to all three Non-Mortgagor Defendants. Instead, Plaintiff merely alleges, in boilerplate fashion, that the Non-Mortgagor

10

Defendants are judgment creditors with some interest or lien subordinate to the Mortgage.  *See* Dkt. No. 1 ¶ 3.  While the complaint references an Exhibit B, which purports to set forth the "[t]he reason for naming said defendants" (*id.*), the document attached as Exhibit B merely reiterates the Non-Mortgagor Defendants' status as purported "judgment creditors" (Dkt. No. 1-2, at 1).  Buried 152 pages into Plaintiff's motion, however, is a list of purported parking violations issued against the Trejos.  *See*, Dkt. No. 23-11, at 152-53.  This list is sufficient to establish NYC PVB's nominal liability.  *See Cit Bank v. Dambra*, No. 14-CV-3951 (SLT) (VMS), 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015) (finding that plaintiff had demonstrated NYC PVB's nominal liability by submitting documents showing monies owed on parking violations), *report and recommendation adopted*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015).

Plaintiff has otherwise failed to satisfy RPAPL § 202-a's heightened pleading standard with respect to NYC ECB and NYC TAB.  *See McLain*, 2023 WL 8473948, at *4 ("Absent title searches or some other evidentiary documentation reflecting monies owed by the mortgager defendant to the non-mortgagor defendants, plaintiff has not sufficiently pled a claim against these defendants under New York State law." (cleaned up)); *Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010 (SJ) (SMG), 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) (denying default judgment and dismissing claims against nominal city agency defendants without prejudice where plaintiff failed to meet the heightened pleading requirements of Section 202-a).

Accordingly, this Court respectfully recommends that Plaintiff's motion for a default judgment be granted against NYC PVB but denied against NYC ECB and NYC TAB.  This Court further respectfully recommends that Plaintiff's claims against NYC ECB and NYC TAB be dismissed without prejudice.  *See McLain*, 2023 WL 8473948, at *4.

## IV. Conclusion

For the foregoing reasons, this Court respectfully recommends that the district court grant in part and deny in part Plaintiff's motion for default judgment and order that Plaintiff must file a letter attaching proof of compliance with RPAPL § 1304 before it may file another motion seeking a default judgment or any other relief. *See, e.g.*, *Brocking*, 2024 WL 436531, at *6 (recommending that plaintiff be ordered to provide a letter that contains proof of compliance with RPAPL § 1304 before it can file another motion for default judgment); *Bullock*, 2022 WL 18299810 at *4 (same). This Court further respectfully recommends that Plaintiff's motion for a default judgment should be granted against NYC PVB but denied against NYC ECB and NYC TAB. Finally, this Court respectfully recommends that Plaintiff's claims against NYC ECB and NYC TAB be dismissed without prejudice.

A copy of this Report and Recommendation is being electronically served on counsel. Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on Defendants by overnight mail and first-class mail and file proof of service on ECF by April 5, 2024.

Copies shall be served at the following addresses:

Jorge Trejo
105 Cortlandt Street
Staten Island, NY 10302

Maribel Trejo
105 Cortlandt Street
Staten Island, NY 10302

Jorge & Maribel Trejo
542B Buchanan Avenue
Staten Island, New York 10314

New York City Parking Violations Bureau
100 Church Street, 4th Floor
New York, NY 10007

New York City Environmental Control Board
100 Church Street, 4th Floor
New York, NY 10007

New York City Transit Adjudication Bureau
130 Livingston Street
Brooklyn, NY 11201

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  See also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Gujarati.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

    SO ORDERED.

Dated:  Brooklyn, New York
     April 3, 2024

              */s/ Joseph A. Marutollo*
             JOSEPH A. MARUTOLLO
             United States Magistrate Judge