UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                Plaintiff,

    v.

JORGE TREJO, MARIBEL TREJO, NEW YORK CITY PARKING VIOLATIONS BUREAU,

                Defendants.
---------------------------------------------------------------X

***SUA SPONTE* REPORT AND RECOMMENDATION**

22-CV-7116
(Gujarati, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On November 22, 2022, Plaintiff Freedom Mortgage Corporation initiated this foreclosure action against Defendants—Jorge Trejo and Maribel Trejo (the "Trejos"), the New York City Parking Violations Bureau ("PVB"), the New York City Environmental Control Board ("ECB"), and the New York City Transit Adjudication Bureau ("TAB")—to foreclose on the residential property located at 105 Cortlandt Street, Staten Island, New York 10302 (the "Property"). Dkt. No. 1 ¶¶ 7-8.[1]

On August 26, 2024, the Court adopted the undersigned's report and recommendation and entered default judgment against the Trejos and PVB (collectively, "Defendants"). *See* Aug. 26, 2024 Dkt. Order; *see also Freedom Mortg. Corp. v. Trejo*, No. 22-CV-7116 (DG) (JAM), 2024 WL 3465241, at *1 (E.D.N.Y. July 19, 2024). In the Court's August 26, 2024 order, the Court instructed Plaintiff that "[a]ny renewed request for escrow advances and mortgage insurance premium shall be filed by August 30, 2024."

---

[1] The Board of Managers of Willowbrook Heights Condominium Association and John Doe #1-10 were voluntarily dismissed from this action on July 31, 2023. *See* Dkt. No. 19. The ECB and TAB were dismissed without prejudice on August 26, 2024. *See* Aug. 26, 2024 Dkt. Order.

Following an extension of the August 30, 2024 deadline, on September 23, 2024, Plaintiff filed a letter-motion for escrow advances in the amount of $17,814.31. *See* Dkt. No. 35. For the reasons explained below, the undersigned *sua sponte* respectfully recommends that Plaintiff's motion be **GRANTED**.

**I.       Background**

The Court presumes the parties' familiarity with this case and only includes those facts that are necessary for resolving the instant motion.

**A.       Factual Background**

On June 28, 2018, Defendant Jorge Trejo executed a Note (the "Note") with Plaintiff wherein he promised to pay $402,014.00 plus interest on the unpaid amount due. *See* Dkt. No. 1 ¶ 6; Dkt. No. 1-3. To secure the Note, the Trejos executed a mortgage (the "Mortgage") with Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Plaintiff, on the Property. Dkt. No. 1 ¶¶ 7-8; Dkt. No. 1-4. The Mortgage was assigned to Plaintiff on December 20, 2019. Dkt. No. 1 ¶ 8; Dkt. No. 1-5.

On December 17, 2021, Plaintiff and the Trejos entered into an agreement to amend and supplement the Note and Mortgage (the "Loan Modification Agreement"). Dkt. No. 1 ¶ 9; Dkt. No. 1-6. According to the terms of the Loan Modification Agreement, the new principal balance due on the Note was $400,529.27. Dkt. No. 1 ¶ 9; Dkt. No. 1-6 § 3(B).

On April 1, 2022, Jorge Trejo allegedly defaulted on the Note by failing to make the monthly payments due. Dkt. No. 1 ¶ 10. Since then, the Trejos have not made any subsequent payments towards the Note. *Id.* ¶¶ 10-11. As of November 22, 2022, the "amount due and owing on the Note and Mortgage" consisted of $399,152.89 in principal; interest that has accrued at a 3% rate since March 1, 2022; and "late charges, monies advanced for taxes, assessments, insurance,

2

maintenance and preservation of the Property, and the cost, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure." *Id.* ¶ 11.

    **B.**    **Procedural History**

Plaintiff filed the complaint in this action on November 22, 2022, seeking to foreclose on the Property pursuant to RPAPL § 1301 *et seq.* *See generally* Dkt. No. 1. After the Trejos and PVB failed to respond to the complaint, Plaintiff moved for default judgment. *See* Dkt. Nos. 23, 27.

On April 3, 2024, the undersigned issued a Report and Recommendation recommending that Plaintiff's Motion for Default Judgment and Judgment of Foreclosure and Sale, be granted in part and denied in part. *See generally* Dkt. No. 25. Plaintiff subsequently filed objections to the Report and Recommendation on April 16, 2024, accompanied by a declaration not previously submitted to the undersigned. *See* Dkt. Nos. 27, 27-1.

On July 17, 2024, the Court recommitted the matter to the undersigned for a supplemental and/or amended report and recommendation in light of Plaintiff's objections. *See* July 17, 2024 Dkt. Order (citing 28 U.S.C § 636(b)(1)(C)).

On July 19, 2024, the undersigned issued a Supplemental and Amended Report and Recommendation, which superseded the Report and Recommendation issued on April 3, 2024. *See* Dkt. No. 29. The Supplemental and Amended Report and Recommendation recommended that Plaintiff's motion for default judgment be granted in part and denied in part. *See id.*

Specifically, the undersigned recommended that: (1) the Court order the foreclosure and sale of the Property; (2) the proposed Referee be appointed to conduct the sale and receive a sum of $750.00 from the proceeds of the sale; (3) Plaintiff be awarded the various amounts specified; (4) Plaintiff be permitted to deduct from the proceeds of the sale all reasonable expenses of the

3

sale, including the cost of advertising as shown on the bills presented and certified by the Referee to be correct; (5) Plaintiff's request for escrow advances and mortgage insurance premium be denied due to Plaintiff's failure "to explain the requested escrow balance or provide supporting documentation to establish its entitlement to the requested amount of $17,089.87"; (6) Plaintiff be awarded post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date judgment is entered until judgment is satisfied; (7) if the proceeds of the foreclosure sale are insufficient to pay the amount(s) adjudged, Plaintiff be permitted to seek a deficiency judgment against Jorge Trejo to recover the whole deficiency remaining unsatisfied in accordance with RPAPL § 1371; (8) Plaintiff's motion for default judgment against PVB be granted and their claim extinguished; (9) Midland be added as a defendant, default judgment be entered against Midland, and Midland's claim extinguished; and (10) Plaintiff's motion for default judgment against ECB and TAB be denied, and Plaintiff's claims against ECB and TAB be dismissed without prejudice. *See id.* at 14, 35-36.

On August 2, 2024, Plaintiff filed objections to the Supplemental and Amended Report and Recommendation, attaching a supplemental affidavit not previously presented to the undersigned. *See* Dkt. No. 32. In the supplemental affidavit, Plaintiff objected solely to the denial of escrow advances and mortgage insurance premiums and explicitly stated that it had no objection to the remainder of the Supplemental and Amended Report and Recommendation. *See id.* Despite proper service, Defendants did not object to the Supplemental and Amended Report and Recommendation or respond to Plaintiff's objection. *See* Dkt. Nos. 30, 33.

On August 26, 2024, the Court adopted the Supplemental and Amended Report and Recommendation in its entirety and permitted Plaintiff to submit any renewed request for escrow advances and mortgage insurance by August 30, 2024. *See* Aug. 26, 2024 Dkt. Order

4

Plaintiff filed the instant letter motion for escrow advances on September 23, 2024. *See* Dkt. No. 35. The Trejos and PVB were served with the motion but have not filed a response. *See* Dkt. No. 36.

## II. Discussion

As liability has already been established for both the Trejos and PVB, *see* Aug. 26, 2024 Dkt. Order, Plaintiff's request for escrow advances pertains to the damages portion of Plaintiff's motion for default judgment.

Once liability is established, "the court must ascertain damages with 'reasonable certainty.'" *CIT Bank N.A. v. Elliott*, No. 15-CV-4395 (JS) (ARL), 2019 WL 4439347, at *2 (E.D.N.Y. Sept. 17, 2019) (citation omitted). "An evidentiary hearing is not required so long as there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded." *Id.* (citation omitted). "The party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested." *Id.* (cleaned up).

In foreclosure actions, damages are determined based on the terms of the note and mortgage. *See RSS WFCM2018-C44-NY LOD, LLC v. 1442 Lexington Operating DE LLC*, No. 21-CV-4424 (DLC) (VF), 2024 WL 4486058, at *2 (S.D.N.Y. Aug. 19, 2024) ("Any determination of damages in an action for foreclosure and sale should be determined under the terms of the Notes and Mortgages." (citation omitted)), *report and recommendation adopted*, 2024 WL 4132554 (S.D.N.Y. Sept. 10, 2024), *judgment entered*, 2024 WL 4381120 (S.D.N.Y. Oct. 2, 2024); *Builders Bank v. Rockaway Equities, LLC*, No. 08-CV-3575 (MDG), 2011 WL 4458851, at *5 (E.D.N.Y. Sept. 23, 2011) (same); *see also Vermont Teddy Bear Co. Inc. v. 538 Madison Realty Co.*, 1 N.Y.3d 470, 475 (2004) ("when parties set down their agreement in a clear, complete document, their writing . . . should be enforced according to its terms." (quotations omitted)).

5

Courts routinely award escrow advances when supported by affidavits explaining the charges and a detailed payment history. *See, e.g.*, *Freedom Mortg. Corp. v. McLain*, No. 23-CV-1309 (FB) (LB), 2023 WL 8473948, at *1 (E.D.N.Y. Oct. 12, 2023) (relying on an affidavit to show that "escrow advances correspond with costs incurred to obtain insurance for the property and pay taxes related to the property."), *report and recommendation adopted*, 2023 WL 7320257 (E.D.N.Y. Nov. 7, 2023); *ARCPRE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI) (RER), 2022 WL 2467085, at *4 (E.D.N.Y. Apr. 15, 2022) ("Although the 'escrow advances' schedule does not specifically indicate that the disbursements were made in order to insure the property, Olson's sworn affidavit sufficiently explains the purpose of these disbursements such that an award of insurance costs is warranted.").

Here, Plaintiff seeks escrow advances in the amount of $17,814.31 pursuant to the terms of the Mortgage. *See* Dkt. No. 35. To support this request, Plaintiff submits a declaration from counsel, *see* Dkt. No. 35-1; an affidavit from Charles Lemons, a FCL Specialist II at Freedom Mortgage, that sets forth the basis for requesting escrow advances and includes a breakdown of the requested $17,814.31, *see* Dkt. No. 35-2; and an account history report that provides an itemized description of all the escrow payments advanced from 2018 to 2024, *see id*.

According to Plaintiff, escrow advances are authorized under paragraph 3 of the Mortgage, which states:

> **Borrower's Obligations.** I will pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full. a sum to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly Mortgage Insurance premiums. These items

6

> arc called "Escrow Items."  At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees, and assessments shall be an Escrow Item . . . . The amounts that I pay to Lender for Escrow Items under this Section 3 will be called "Escrow Funds."

*See* Dkt. No. 35-1 ¶ 10 (citing Dkt. No. 23-6 ¶ 3).

Additionally, under paragraph 9 of the Mortgage, if the Trejos failed to make required escrow payments, Plaintiff was entitled to pay the amounts due and recover those payments from the Trejos.  *See* Dkt. No. 23-6 ¶ 9.

The breakdown provided by Plaintiff itemizes the requested escrow advances as follows: (1) $3,105.66 for total hazard insurance; (2) $3,880.58 for total mortgage insurance; (3) $11,269.29 for total property taxes; and (4) $441.22 in total escrow credit.  *See* Dkt. No. 35-1 ¶ 12; Dkt. No. 35-2 ¶ 5; *see also* Dkt. No. 23-3.  The detailed account history substantiates these amounts, demonstrating that the advances were made in accordance with the terms of the Mortgage.  *See* Dkt. No. 35-2 at 6-25.  Courts have found such documentation sufficient to award escrow advances in foreclosure cases.  *See, e.g.*, *McLain*, 2023 WL 8473948, at *7 (awarding plaintiff escrow advances based on affidavit and breakdown of itemized charges); *ARCPRE Holding, LLC*, 2022 WL 2467085, at *4 (finding that plaintiff's sworn affidavit accompanied by a schedule detailing monthly escrow advances was sufficient to recommend an award of damages with respect to insurance costs); *Elliott*, 2019 WL 4439347, at *2 (holding that plaintiff's affidavit and itemized breakdown were sufficient to award plaintiff escrow advances).

Accordingly, the undersigned respectfully recommends that Plaintiff be awarded escrow advances in the amount of $17,814.31.

### III. **Conclusion**

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's letter-motion be **GRANTED** and that Plaintiff be awarded escrow advances in the amount of $17,814.31.

A copy of this Report and Recommendation is being electronically served on counsel. Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on the Trejos and PVB by overnight mail and first-class mail and file proof of service on ECF by **November 20, 2024**.

Copies shall be served at the following addresses:

Jorge Trejo
105 Cortlandt Street
Staten Island, NY 10302

Maribel Trejo
105 Cortlandt Street
Staten Island, NY 10302

Jorge & Maribel Trejo
542B Buchanan Avenue
Staten Island, New York 10314

New York City Parking Violations Bureau
100 Church Street, 4th Floor
New York, NY 10007

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gujarati. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v.*

8

*Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:         Brooklyn, New York
                November 19, 2024

**SO ORDERED.**

   /s/ *Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge